IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sherrie J. Terry, | ) | Civil Action No.: 8:11-1473-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina. Sherrie J. Terry ("Terry") brought this action seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. In her Report and Recommendation ("Report"), Magistrate Judge Austin recommends reversing the Commissioner's decision and remanding the case for further proceedings. The Commissioner objects to the Report and Recommendation. Terry filed a response in support of the Magistrate Judge's Report. For the reasons stated below, the Court adopts the Report and Recommendation and reverses and remands the case for further administrative proceedings.

I. FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates them and summarizes below in relevant part. At the time of the Administrative Law Judge's ("ALJ") September 30, 2009,

decision, Terry was a forty-six-year-old woman with limited education. (Tr. 16). The ALJ found that Terry had severe impairments of "multiple chronic ventral and incisional hernias and is status post multiple surgical repairs." (Tr. 14.) The ALJ determined Terry's complaints of depression, anxiety, arthritis, and other impairments were neither relevant to the period of adjudication in the case nor related to any impairment that Terry had prior to the date she was last insured. (Tr. 14). The ALJ found that Terry did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15.)

In May 2007, Terry filed a Title II application for a period of disability and DIB, alleging disability beginning March 26, 2004. (Tr.104, 141–43.) The claim was denied initially and upon reconsideration. (Tr. 104–09,114–16.) Subsequently, Terry filed a written request for a hearing which was held on September 11, 2009. (Tr. 19-63, 118.) On September 30, 2009, the ALJ found that Terry was not disabled under sections 216(I) and 223(d) of the Social Security Act. (Tr. 12-18.) The Appeals Council denied Terry's request for review of the ALJ's decision on June 3, 2011, thereby making the ALJ's determination the final decision of the Commissioner. (Tr. 1.) Terry filed the instant action on June 16, 2011. (ECF No. 1.)

II. REPORT AND RECOMMENDATION

On December 6, 2012, the Magistrate Judge issued a Report and Recommendation ("Report") in which she determined that the Commissioner's decision was not supported by substantial evidence. (ECF No. 35.) The Magistrate Judge recommends reversing the Commissioner's final decision and remanding the case for further administrative proceedings because the ALJ failed to properly evaluate Terry's credibility. (ECF No. 35

at 24-25.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendations to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

III. DISCUSSION OF THE LAW

A. Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the Court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive..."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence

has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

B. Objections

The Commissioner objects to the Magistrate Judge's Report and Recommendation, maintaining that the Commissioner's final administrative decision that Terry was not disabled is supported by substantial evidence. (ECF No. 37). The Commissioner claims that a review of the ALJ's decision demonstrates his reasons for discounting Terry's subjective complaints and finding Terry's statements regarding her symptoms to lack

credibility. (ECF No. 37 at 2.) Specifically, the Commissioner argues that the ALJ noted that Terry received very little treatment during the relevant time period, that no doctor opined that Terry was disabled during the relevant time period, and that Terry did not make persistent attempts to find relief for her pain. (ECF No. 37 at 2-3.) The Commissioner argues that the Court should take the ALJ "at his word" since the ALJ has stated that he considered Terry's symptoms as required by 20 C.F.R. § 404.1529. (ECF No. 37 at 3.) Terry filed a response to the Commissioner's objections, arguing that it is improper for the agency's lawyers to supply missing analysis or to speculate on the ALJ's thought process. (ECF No. 38 at 6.) Terry asks that the Magistrate Judge's Report and Recommendation be adopted. (ECF No. 38 at 10.)

C. Analysis

This Court has considered the Commissioner's objections in light of the applicable case law, the record in this case, and the briefs and submissions made to this Court. The Commissioner's primary objection is that the ALJ's credibility assessment is supported by substantial evidence and that ALJ relied on reasonable factors in discounting Terry's credibility with respect to her limitations on lifting and complaints of pain. (ECF No. 37.)

Under the standard set forth in *Craig v. Chater*, 76 F.3d 585, 591–96 (4th Cir. 1996), subjective complaints are evaluated in two steps. First, there must be documentation by objective medical evidence of the presence of an underlying impairment that would reasonably be expected to cause the subjective complaints of the severity and persistence alleged. Once such underlying impairment is deemed established, the fact finder proceeds to the second step. The second step includes consideration of the entire record, including objective and subjective evidence, to assess the credibility of the severity of the subjective

complaint. *See also* 20 C.F.R. § 404.1529(b); Social Security Ruling (SSR) 96–7p, 61 Fed.Reg. 34483–01, 34484–85.

Upon review, this Court notes the ALJ's acknowledgment of the two-step process set forth above. (Tr. 15.) However, the Magistrate Judge correctly identified the failure of the ALJ to actually provide his reasons for rejecting Terry's credibility in accordance with the process. (ECF No. 35 at 21.) At most the ALJ only noted that certain observations, i.e., minimal treatment or documented findings during the relevant period, were consistent with the residual functional capacity, but these brief remarks do not translate into an explanation of the ALJ's analysis as it relates to Terry's allegations and purported limitations. Of course, "[t]he ALJ is required to make credibility determinations — and therefore sometimes must make negative determinations — about allegations of pain or other nonexertional disabilities." *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). But the ALJ's decision should refer specifically to the evidence informing his conclusions because the "duty of explanation is always an important aspect of the administrative charge." *Id.* at 426 (noting that an ALJ's explanation is "especially crucial in evaluating pain.") The ALJ's lack of explanation here renders the Court unable to determine whether his decision is supported by substantial evidence.

IV. CONCLUSION

In light of the standard set out above, the Court has reviewed, *de novo*, the Report and Recommendation and the objections thereto and finds that the Report and Recommendation is proper. After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the Court adopts the recommendation of

the Magistrate Judge.  This Court cannot conclude that the ALJ's decision to deny benefits was supported by substantial evidence.  It is therefore ORDERED that the Commissioner's decision is reversed and remanded for further proceedings consistent with this order and the Report and Recommendation.

    **IT IS SO ORDERED**.

                                                          /s/ <u>Mary G. Lewis</u>
                                                           United States District Judge

January 24, 2013
Spartanburg, South Carolina